Elizabeth J. Arleo (Bar No. 201730)
ARLEO LAW FIRM, PLC
1672 Main St., Suite E, PMB 133
Ramona, California 92065
Tel: (760) 789-8000
Fax: (760) 789-8081
Email: elizabeth@arleolaw.com

Lilys D. McCoy (Bar No. 156918)
MCCOY, TURNAGE & ROBERTSON, LLP
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel: (858) 300-1900
Fax: (858) 300-1910
Email: ldm@mtrlaw.com

Attorneys for Plaintiff Peggy Starks

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PEGGY STARKS, on Behalf of Herself and All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>AQUA FINANCE, INC.<br><br>　　　　　　　　Defendant. | CASE NO: CV09-8652 GW JEM<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

Under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), a portion of the definition of "debt collector" makes clear that some persons who would be outside the scope of the general definition are to be included even if collecting on a debt that was not in default when it was obtained. The definition of a "debt collector" starts with a general definition and concludes with six categories of exceptions to the general rule. In between, the definition provides that "[f]or the purpose of section 1692f(6) of this title, such term…includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. §1692f and subdivision (6) provide that:

> [a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (6) [t]aking or threatening to take any non-judicial action to effect dispossession or disablement of property if – (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

In *Kaltenbach v. Richards*, 464 F.3d 524 (5th Cir. 2006), the Fifth Circuit Court of Appeals stated that "[b]y the plain language of [15 U.S.C. §1692a(6)], a person whose business has the principal purpose of enforcing security interests **but who does not otherwise satisfy the definition of a debt collector** is subject only to §1692f(6)." *Id.* at 528 (emphasis added) citing *Montgomery v. Huntington Bank*, 346 F.3d 693, 699-700 (6th Cir. 2003) (repossession agency that was not otherwise a debt collector was subject only to §1692f(6)) (citing *Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 659 (D.Del. 1990) ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of §1692f(6))."

The Third Circuit Court of Appeals stated that this portion of §1692a(6)

> is cast in terms of *inclusion*, and … was intended to make clear that some persons who would be without the scope of the general definition are to be included where §1692f(6) is concerned.  Even though a person whose business does not primarily involve the collection of debts would not be a debt collector for purposes of the Act generally, if his principal business is the enforcement of security interests, he must comply with the provisions of the Act dealing with non-judicial repossession abuses.

*Piper v. Portnoff Law Assocs*, 396 F.3d 227, 236 (3rd Cir. 2005) (emphasis in original).

The Ninth Circuit Court of Appeals has not addressed this discrete issue.  In this district, the Honorable Christina Snyder recognized §1692a(6)'s inclusive language for §1692f(6) violations when she stated:

> Section 1692a(6) indicates that the term 'debt collector' *also* includes an enforcer of a security interest for purposes of §1692f(6).  Such a purposeful inclusion for one section of the FDCPA implies that the term 'debt collector' does not include the enforcer of a security interest for any other section of the FDCPA….  It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of §1692f(6)."

*Pflueger v. Auto Fin. Group, Inc.*, Case No. CV-97-9499 CAS (CTX), 1999 WL 33740813, at *3 (C.D. Cal. Apr. 26, 1999) (emphasis in original) (citing *Jordan*, 731 F. Supp. at 657).

In *Kaltenbach*, the Fifth Circuit Court of Appeals went further to hold that "a party who satisfies §1692a(6)'s general definition of a 'debt collector' is a debt collector for the purposes of the *entire* FDCPA even when enforcing security interests."  *Kaltenbach*, 464 F.3d at 529 (emphasis added).  In so doing, the Fifth

Circuit relied on an interpretation given to the FDCPA by the Federal Trade Commission, the administrative agency responsible for enforcement of the statute, to hold that "the entire FDCPA can apply to a party whose principal business is enforcing security interests but who nevertheless fits §1692a(6)'s general definition of a debt collector." *Id*. at 528.

Rejecting the notion that "a party is a debt collector outside of §1692f ***only if*** they were collecting a debt in the particular instance that gave rise to the dispute," the Fifth Circuit held further that "a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector." *Id*. at 529 (emphasis added) (citing portion of §1692a(6) definition of debt collector as "who regularly collects or attempts to collect"). Here, defendant Aqua Finance could – and should – be found to be a "debt collector" under the FDCPA because its general activities meet the statutory definition of a debt collector. *See, e.g.*, defendant's letters attached to the Complaint as Exs. 1-5, specifically defendant's letter dated November 25, 2008 stating that this is an "attempt to collect a debt" and that the California and federal FDPCA require defendant provide specific notices set forth in that letter (attached to the Complaint as Ex. 1). The Complaint alleges that defendant regularly collects or attempts to collect alleged debts. Complaint, ¶14.

Relying on one of the six exceptions to the general rule, §1692a(6)(F), defendant argues that it is not a "debt collector" as defined by the FDCPA because plaintiff's debt was not in default at the time it was assigned to defendant. Defendant's argument ignores the ***inclusive*** language of §1692a(6) recognizing as "debt collectors" persons whose "principal purpose of which is the enforcement of security interests." 15 U.S.C. §1692a(6). That argument also ignores the rational of the *Kaltenbach* opinion; whether or not plaintiff's debt was in default at the time defendant obtained the debt is irrelevant because – and as alleged – defendant's general activities meet the statutory definition of a debt collector. As defendant

admits, it obtained the ***debt through an assignment.***[1]  Defendant's collection activities are not, as it would have this Court believe, the collection of unsecured debts which defendant originated.  Defendant places liens on the secured collateral and, more broadly enforces security interests by collecting on the debts created by the security interests.

The Complaint alleges that "a security interest in the water treatment system sold to Plaintiff was created" and that Defendant's principle business is "the enforcement of security interests."  Complaint, ¶¶13, 14.  By receiving a security interests in water softening systems sold to consumers, defendant was able to bypass judicial enforcement (*e.g.* filing a lawsuit), and instead enforced the security interests through non-judicial action including the filing of liens against the collateral.

As alleged, defendant filed a UCC Financing Statement against the water treatment system sold to plaintiff.  Complaint, ¶31.  Defendant is engaged in the business of financing water treatment systems through assignments of security interests.  *Id*.  Defendant was circumventing the judicial process of suing its debtors by filing liens in the form of UCC Financing Statements against the security interests it received as assignments.

The Complaint alleges at least five violations of the FDCPA were committed by defendant, including §1692f generally.  Complaint, ¶50(d).  Specifically, the Complaint alleges that defendant's December 15, 2009 letter states in part that under Wisconsin law "you have a right to a court hearing on the issue of default before any ***repossession*** of any Collateral, but by surrendering the Collateral you waive such right."  Complaint, ¶26, Ex. 2.  Defendant's December 30, 2009 letter states in part that Defendant's legal department could take "legal action possibly including … property liens."  See Complaint, ¶28, Ex. 3.  Defendant's January 13, 2009 letter indicates states falsely that it had "recorded a fixture filing (UCC) in the

---

[1]   *See, e.g.* Reply Memorandum in Support of Motion By Defendant Aqua Finance, Inc. to Dismiss at 1:15.  [Dkt # 13]

county were [sic] you reside which is a filing against your real property." Complaint ¶31, Ex. 5. The UCC filing, however, was not recorded until January 15, 2009, two days after Defendant's letter. Complaint, ¶31. Thus, in violation of 15 U.S.C. §1692f(6)(B) there was "no present right to possession of the property claimed as collateral" at the time defendant's January 13, 2009 letter was sent to plaintiff.

Defendant might argue that it is not a repossession company as discussed in the *Kaltenbach* opinion. That argument would be misplaced as §1692f(6) is not limited to companies, like the tow truck operator in *Kaltenbach*, that is primarily engaged in the physical "repossession" of the collateral. Section 1692f(6) addresses FDCPA violations in the threat to take or taking of any "nonjudicial action to effect dispossession or disablement of property." Defendant's December 15, 2009, December 30, 2009 and January 13, 2010 letters (attached to the Complaint as Exs 2, 3 and 5, respectively) are clearly false threats to repossess plaintiff's water softening system if she did not pay the alleged debt (*see* Defendant's December 15, 2009 letter), and to disable the sale of Plaintiff's real property if the purported lien was not satisfied (*see* Defendant's December 30, 2009 and January 15, 2010 letters).

For the reasons stated above, defendant could – and should – fall under the FDCPA's definition of "debt collector" and its motion to dismiss plaintiff's FDCPA claims on that ground should be denied. Defendant's conduct is within the *inclusive* provision of the FDCPA for violations of §15 U.S.C. §1692f(6). Under the holding in the *Kaltenbach* decision discussed above, the entire FDCPA applies here because in addition to enforcing security interests, defendant's general activities *also* satisfy the general definition of debt collector.

Thus, in addition to violating §1692f(6), defendant would also be liable for violations of §1692e. *See* Complaint, ¶50(a)-(e).

Dated: March 9, 2010

ARLEO LAW FIRM, PLC
Elizabeth J. Arleo
1672 Main St., Suite E, PMB 133
Ramona, CA 92065
Tel: (760) 789-8000
Fax: (760) 789-8081

Elizabeth J. Arleo

MCCOY, TURNAGE & ROBERTSON
Lilys D. McCoy
5469 Kearny Villa Road, Suite 206
San Diego, California 92123
Tel: (858) 300-1900
Fax: (858) 300-1910

Attorneys for Plaintiff Peggy Starks